CHARLES E. VAN VLECK AND NATALIE J. VAN VLECK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES E. VAN VLECK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 70946, 70947.   Promulgated October 25, 1934.

*George S. Hills, Esq.*, for the petitioners.
*J. M. Leinenkugel, Esq.*, for the respondent.

#### OPINION.

SMITH: These proceedings, consolidated for hearing, are for the redetermination of a deficiency in income tax for 1930 in the amount of $5,896.29.   The question in issue is whether a statutory net loss incurred by an individual in his trade or business in 1929 can be taken as a deduction from the aggregate income of that individual and his wife reported on a joint return for the year 1930 where the individual had no separate income in 1930.

The facts have been stipulated as follows:

1. Charles E. Van Vleck filed a separate return for the calendar year 1929 and Natalie J. Van Vleck, his wife, filed a separate return for the calendar year 1929.

2. Charles E. Van Vleck and his wife, Natalie J. Van Vleck filed a joint return for the calendar year 1930 and paid a tax thereon of $12,164.93, one-half thereof being paid by each.

3. Charles E. Van Vleck was, during the calendar year 1929 and for several years prior and subsequent thereto, regularly engaged in the trade or business of a trader in securities and commodities.

4. During the calendar year 1929, Charles E. Van Vleck sustained a net loss of $58,165.37 in his said trade or business, of which

    (a) $39,418.16 was taken as a deduction on the joint return of Charles E. Van Vleck and Natalie J. Van Vleck for the calendar year 1930, and

    (b) $18,747.21 was not taken as a deduction on said joint return for the calendar year 1930.

5. The net income of Charles E. Van Vleck and Natalie J. Van Vleck for the calendar year 1930 was

    (a) $123,781.48 without deduction of said 1929 net loss of Charles E. Van Vleck amounting to $58,165.37, or

    (b) $65,616.11 after deducting said net loss,

plus a capital net gain of $12,679.36.

6. An allocation of income and deductions between Charles E. Van Vleck and Natalie J. Van Vleck for the calendar year 1930, without taking into consideration the 1929 net loss of Charles E. Van Vleck of $58,165.37, is as follows:

|  | Charles E. Van Vleck | Natalie J. Van Vleck |
| --- | --- | --- |
| Gross income | $77,996.56 | $166,370.96 |
| Deductions | 110,814.58 | 9,771.46 |
| Net income | (32,818.02) | 156,599.50 |
| Capital Net Gain | 12,679.36 | |

The pertinent provisions of the Revenue Act of 1928 are as follows:

SEC. 51. INDIVIDUAL RETURNS.

\*     \*     \*     \*     \*     \*     \*

(b) *Husband and wife.*—If a husband and wife living together have an aggregate net income for the taxable year of $3,500 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

SEC. 117. NET LOSSES.

(a) *Definition of "net loss."*—As used in this section the term "net loss" means the excess of the deductions allowed by this title over the gross income, with the following exceptions and limitations:

\*     \*     \*     \*     \*     \*     \*

(6) NET LOSS NOT TO PRODUCE NET LOSS.—In computing the net loss for any taxable year a net loss for a prior year shall not be allowed as a deduction.

(b) *Net loss as a deduction.*—If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

Article 381 of Regulations 74, promulgated under the provisions of the Revenue Act of 1928, provides in part:

\*     \*     \*    Where the *income of each* is included in a single joint return, the tax is computed on the *aggregate income* and *all deductions* and credits *to which either is entitled* shall be taken from such *aggregate income.* \*    \*    \* [Emphasis supplied.]

Article 652 of Regulations 74 provides in part:

\*     \*     \*    It should be noticed, however, that a net loss for a preceding year may not be considered in computing a net loss for a succeeding year.

Counsel for the petitioner cites *Frank B. Gummey*, 26 B. T. A. 894, and *Joseph E. Uihlein*, 30 B. T. A. 399, in support of the contention that all deductions to which either husband or wife filing a

joint return is entitled may be deducted from their aggregate gross income, including the prior net losses of either husband or wife. The cases referred to merely hold that effect will be given to bona fide transactions between husband and wife for the purpose of determining their separate incomes; that for such purposes the husband and wife are each separate taxpayers; and that in filing a single joint return they lost no such rights, each remaining an individual and as such a taxpayer within the meaning of section 118 of the statute. In *Frank B. Gummey, supra*, we said:

Where husband and wife exercise the statutory right to file a single joint return, "the tax shall be computed on the aggregate income." Sec. 51 (b), 1928 Act. * * * The term "taxpayer" means any person subject to a tax imposed by the act, and the term "person" includes an individual. Sec. 701 (a) (13) and (a) (1).

There is nothing in section 118 of the 1928 Act to the effect that the transactions of husband and wife who file a single joint return should be regarded as the dealings of the reporting spouse in the application of its provisions. Where a husband and wife exercise the statutory right to file a single joint return gross income and deductions are listed as though they belonged to the one making the return, but in reality they represent the combined receipts and deductions of each. To reach the aggregate net income, on which the tax is computed, consideration must be given to the transactions of each. In no other way can the combined taxable income be determined. The respondent has recognized this condition by the promulgation of regulations under section 51 of the 1928 Act providing that where husband and wife file a single joint return "all deductions to which either is entitled shall be taken from such aggregate income." * * *

Neither of the above cases involved the question of deducting the net loss of either husband or wife for a prior year. The above quoted language from the opinion in the *Gummey* case supports the respondent's contention in these proceedings that the husband and wife, though filing a joint return for the taxable year, are nevertheless to be treated as separate individuals, and that each is the taxpayer referred to in section 117 (b) of the Revenue Act of 1928.

We think that the provision of the Commissioner's regulations that " where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income ", is not to be construed as affecting the rule with respect to the bringing forward of net losses. The income tax law looks upon husband and wife as separate taxpayers. The net loss provisions of the statute relate only to the taxpayer sustaining the net loss. The provisions of section 117 (b) of the Revenue Act of 1928 providing for the net loss as a deduction from the gross income of a subsequent year permits the deduction only from the gross income of that taxpayer who sustained the net loss. The net loss may be deducted only from the taxpayer's net income of the following years. This

was made plain by the Supreme Court in *Woolford Realty Co.* v. *Rose*, 286 U. S. 319. The facts there were that a corporation, the Piedmont Savings Co., had sustained net losses in 1925, 1926, and 1927. It became affiliated with the Woolford Realty Co., and the two corporations filed a consolidated return for 1927. In such return the Woolford Realty Co., which had a net income for 1927, sought to add to the net loss of the Piedmont Savings Co. for 1927 the net losses sustained by it in 1925 and 1926 for the purpose of reducing the consolidated net income for 1927. The Supreme Court held that this could not be done. It said: " The tax for the year [1927] was nothing, and the losses of other years could not serve to make it less." This is decisive of the point in issue.

It may also be noted that section 117 (a) (6) of the Revenue Act of 1928 specifically provides that " in computing the net loss for any taxable year a net loss for a prior year shall not be allowed as a deduction." This provision must be regarded as making emphatic the rule of law invoked by the Supreme Court in *Woolford Realty Co.* v. *Rose, supra.* The contention of the petitioner is therefore not sustained.

The contention of the petitioner in these proceedings finds support in the opinion of the Board in *William H. Shelmerdine*, 24 B. T. A. 833. The facts in that case are that for the years 1923 and 1924 husband and wife filed joint income tax returns and for 1925 separate returns. The husband had a net loss from the conduct of his business for 1923 in the amount of $94,045.61; the wife a net income of $10,120.40. The joint return for 1923 showed a net loss of $83,925.21. For 1924 the husband had a net income, before bringing forward any net loss for 1923, of $23,755.90 and the wife a net income of $46,947.19, or a joint net income of $70,703.09. For 1925 the husband, on a separate income tax return, had a large net income. The Board held that the husband was entitled to bring forward the portion of the net loss of 1923 ($83,925.21) not absorbed by the net income of the community for 1924 ($70,703.09), or $13,222.12. In the course of our opinion we stated:

\* \* \* In the instant case, it has been stipulated that for the year 1924 the petitioner and his wife, Susannah R. Shelmerdine, filed a single joint return and that the correct net income of petitioner and his wife for the year 1924, on the basis of a joint return (excluding any deduction for net loss for 1923) was $70,703.09. However, the statute gives petitioner the right to bring forward any net loss incurred in the prior year in his trade or business and use it as a deduction in determining petitioner's net income for 1924. When effect is given to this statutory provision, it will be found that all of the $70,703.09 income of petitioner and his wife for 1924 is offset by the deduction and petitioner still has some of the net loss for 1923 which he may carry forward into 1925 and use as a deduction in determining his net income for 1925.

It will be noted from the above that we allowed the husband's net loss for 1923 to be applied against the joint net income of husband and wife for 1924. We must regard this holding of the opinion as being definitely overruled by the Supreme Court in *Woolford Realty Co. v. Rose, supra.*

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

ARUNDELL, dissenting: The premises upon which the majority holding is based are (1) that husband and wife are separate taxpayers, and (2) that the net loss provisions of the statute apply only to the individual taxpayer sustaining the loss. Upon these premises the conclusion is reached that a carried forward loss may be used as a deduction only by the individual taxpayer who sustained the loss.

Passing the first premise without comment, I think that the second is wrong. The statute provides that where husband and wife file a single joint return " the tax shall be computed on the aggregate income." The income described by the adjective " aggregate " is obviously net income, as it is net—as distinguished from gross— upon which tax is computed. In arriving at net income one of the allowable deductions is the net loss for the preceding year. The language of the statute is, " the amount thereof [the net loss] shall be allowed as a deduction in computing the net income of the taxpayer." In thus allowing a net loss as a deduction in computing net income the net loss is treated in the same manner as other deductions—expenses, bad debts, etc.—that is, as a deduction from gross income in order to determine net income. The same reasoning which would confine net losses to the individual sustaining them would require similar treatment of other deductions, and yet the other deductions have never been so restricted. As early as 1921, in O. D. 1005, C. B. 5, p. 196, it was held:

Where the net income of one spouse is in excess of $2,000 but the other has allowable deductions, which if applied against this net income will result in making the figure representing the aggregate net income of both less than $2,000, no return need be filed.

If a net loss is so strictly individual and personal as the majority opinion holds, it would seem erroneous to reduce the net loss of one spouse to be carried over by the nontaxable income of the other, but such is the rule laid down in *Samuel G. Adams,* 19 B. T. A. 781. In that case we said in part:

* * * When a husband and wife elect to file a joint return in the name of the husband, they thereby adopt a method under which the only return submitted is this joint return, which is sworn to by the husband and the tax

shown due thereon is assessed against him. In determining whether tax is due, all items of taxable income and allowable deductions of both parties are taken into consideration in the same manner as if a determination were being made with respect to one taxpayer. In other words, the two are treated as a unit for the purpose of determining taxable net income and we think a different course should not be pursued when we come to arrive at a "net loss" as applicable to the year for which the joint return was filed. To determine the "net loss" of an individual for 1921, it is necessary to take into consideration not only the items of gross income specified in the statute, but also nontaxable income received by such individual. And the same method would obviously apply where a "net loss" is being determined on the basis of a joint return for one year which would be allowable as a deduction in computing net income on a joint return for the subsequent year. * * *

The majority opinion cites *Woolford Realty Co.* v. *Rose*, 286 U. S. 319. That case involved consolidated returns of corporations, which seem to me to be fundamentally different from joint returns of husband and wife. In a consolidated return the net income or loss of each corporation is separately computed and the net results are combined. No corporation in the initial computation can take advantage of an affilate's income or losses. In the case of a joint return of husband and wife "gross income and deductions are listed as though they belonged to the one making the return." *Frank B. Gummey*, 26 B. T. A. 894; *Samuel G. Adams, supra*, O. D. 1005, *supra;* art. 381, Regulations 74. That is, all income and deductions in the first instance go into hotchpot and the net result determines whether any return need be filed, and, if so, the tax is calculated on that result—what the statute describes as "aggregate income."

Prior to the Revenue Act of 1928 the liability of affiliated corporations for tax was limited by statute, in the absence of an agreement among them, to the portion of the total tax determined on the basis of the net income assignable to each corporation. That rule was subsequently changed and the liability made several. See art. 15, Regulations 75. In the case of a joint return it seems never to have been questioned but that husband and wife were severally liable for the full amount of the tax. It was so ruled under the Revenue Act of 1918, see I. T. 1575, II-1 C. B. p. 144, and no holding to the contrary has been brought to our attention.

Corporations filing consolidated or separate returns are bound to file in the same way for subsequent years except as they may obtain permission from the Commissioner to change. An election made by husband and wife does not bind them for any other year; they are entirely free to file either separate or joint returns for successive years without regard for the kind of return filed in any prior year, and without obtaining the consent of the Commissioner to change.

In the *Woolford Realty Co.* case it was pointed out as a practical consideration that the result of failing to confine a net loss to the corporation sustaining it would be "that a prosperous corporation

could buy the shares of one that had suffered losses and wipe out thereby its own liability for taxes." It would require a most fertile imagination to suppose any such consideration applicable to husband and wife.

For these reasons I think the second premise of the majority opinion to be erroneous and the conclusion reached must fall with it.

TRAMMELL, MATTHEWS, GOODRICH, and LEECH agree with this dissent.